IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERTA WHITE, INDIVIDUALLY AND
ON BEHALF OF ALL KNOWN AND
UNKNOWN WRONGFUL DEATH BENEFICIARIES
OF L.V. WHITE, DECEASED                                                            PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:23-CV-34-SA-RP

HOME DEPOT USA, INC.                                                                DEFENDANT

ORDER AND MEMORANDUM OPINION

On January 31, 2023, Roberta White, individually and on behalf of all known and unknown wrongful death beneficiaries of L.V. White, deceased, initiated this civil action by filing her Complaint [2] against Home Depot USA, Inc. in the Circuit Court of Lafayette County, Mississippi. Home Depot removed the case to this Court on February 24, 2023 on the basis of diversity jurisdiction. *See* [1]. Now before the Court is Home Depot's Motion for Summary Judgment [44]. Having considered the parties' filings and the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

Roberta White is the surviving spouse of L.V. White. According to the Complaint [2], on or about September 21, 2021, L.V. visited the Home Depot located at 201 Home Depot Drive in Oxford, Mississippi. The Complaint [2] alleges that as L.V. was selecting his items, "he slipped on an unknown slippery surface, and fell to the floor, striking his head, causing him to lose consciousness." [2] at p. 2. "As a result of [his] fall, [L.V.] suffered catastrophic personal injuries that ultimately lead [sic] to his death," including a subdural hematoma and subarachnoid hemorrhage. *Id.* The Complaint [2] brings the following causes of action: negligence; wrongful death; and negligent, grossly negligent, and/or willful infliction of emotional distress.

In its Motion [44], Home Depot contends that L.V. lost consciousness and fell due to a medical event—not an unknown slippery surface or other dangerous condition. As such, Home Depot contends that White cannot prevail on any theory of liability advanced.

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL

2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

As this is a diversity jurisdiction case, Mississippi law governs. *See*, *e.g.*, *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)) ("The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases[.]").

Under Mississippi law, "[a] business owner owes a duty to an invitee to keep its premises in a reasonably safe condition and to warn the invitee of dangerous conditions that are not readily apparent." *Clinton Healthcare, LLC v. Atkinson*, 294 So. 3d 66, 71 (Miss. 2019) (*Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996)). To establish a business owner's negligence, a plaintiff must show that "the proprietor had actual knowledge of a dangerous condition, *or* the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, *or* the dangerous condition was created through a negligent act of a store's proprietor or his employees." *Thomas v. Boyd Biloxi LLC*, 360 So. 3d 204, 213 (Miss. 2023) (quoting *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)) (emphasis in original). "A 'property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists.'" *Young v. BL Dev. Corp.*, 2020 WL 5748088, at *4 (N.D. Miss. Sept. 25, 2020) (quoting *Delmont v. Harrison Cnty. Sch. Dist.*, 944 So. 2d 131, 133 (Miss. Ct. App. 2006)).

Here, Home Depot asserts that there is no evidence of the threshold issue of a premises liability claim, i.e., a dangerous condition. The Court will walk through the evidence Home Depot has presented.

As noted above, L.V. fell while shopping at Home Depot on September 21, 2021. White was not present at Home Depot when L.V. fell. At her deposition, she testified as follows:

> Q. So do you have any information that he slipped and fell?
>
> A. No, I do not.
>
> Q. Okay. Do you have any information that he tripped and fell?
>
> A. No. When I asked Home Depot, they said the camera was not working. That's what they told me.

[44], Ex. 3 at p. 10.

Arnold "Chase" Pegues was working at the Home Depot paint desk that day and witnessed L.V.'s fall. He provided a handwritten statement on the day of the incident, which reads as follows:

> I Arnold Chase Pegues was standing at the paint desk assisting a customer when I glanced over to another customer in flooring standing over at the flooring department looking at detergent. He turned around trying to look for someone for help and his eyes rolling [sic] to the back of his head and his body went stiff and fell straight back[.] I rushed over to assist the customer and rolled him on his side to avoid him from choking on his throw up or blood. Radioed for someone to call 911. All other managers and supervisors arrived and emergency responders showed up after.

[44], Ex. 5 at p. 1.

The statement is signed and dated September 21, 2021. Pegues has since affirmed his handwritten statement in an affidavit and during his deposition. *See* [44], Ex. 4 at p. 5; Ex. 6 at p. 1-2.

According to Pegues' affidavit, L.V. did not trip or slip before he fell straight back. *See* [44], Ex. 6 at p. 2. Regarding the conditions of the surrounding area, at his deposition, Pegues testified as follows:

> Q. Do you recall anything else being on the ground besides Mr. White's blood?

> A. No, sir.
>
> Q. Did you see anything that he may have tripped on or slipped on?
>
> A. No, sir.
>
> . . .
>
> Q. So you could see right over to where Mr. LV White was; correct?
>
> A. Yes, sir.
>
> Q. How many hours had you been working on your shift before Mr. White fell?
>
> A. Like three and a half, four hours.
>
> Q. And in those three and a half to four hours that you worked did you see anything in the area that Mr. White was that could have caused him to trip or slip?
>
> A. No, sir.
>
> Q. Was that area clear?
>
> A. Yes, sir. It was completely clean.

[44], Ex. 4 at p. 4-5.

Iris Surrette was the manager on duty on the day that L.V. fell. At her deposition, she testified that she walked through the area where L.V. fell approximately five minutes before the fall occurred. When asked if there was anything on the ground, she responded: "No. I always keep an eye out for stuff as I'm walking to make sure nothing is sticking out, that kind of thing. And I didn't see anything on the ground." [44], Ex. 7 at p. 4. She further testified that she did not see anything on the ground when she approached L.V. after his fall, stating: "after I got off the phone with 911, I looked around for anything that may have caused it, and there was nothing sticking

5

out. There were no wet spots or cracks in the floor." *Id.* Lastly, she testified that she was not aware of any cameras in the store that would have captured the incident.

Two other employees, Sheene Barnett and Laquetta Sykes, approached L.V. after he fell and assisted in cleaning up after the fall. At their depositions, Sykes testified that she did not see anything on the ground except blood, and Barnett testified that she did not see anything on the ground that L.V. could have tripped or slipped on. *See* [44], Ex. 9 at p. 5; Ex. 8 at p. 4.

At their depositions, first responders from Oxford Fire Department and Oxford Police Department also testified that they did not observe anything at the scene suggesting that L.V. slipped or tripped before he fell. *See* [44], Ex. 10 at p. 7 (fireman did not "observe anything to suggest that Mr. White fell any other way than straight backwards"); Ex. 11 at p. 5 (fireman did not observe fluid or merchandise on the floor); Ex. 12 at p. 4 (fireman did not recall seeing anything on the floor); Ex. 13 at p. 4-5 (police officer did not recall seeing any fluid or merchandise on the floor).

White has responded to Home Depot's Motion [44]. The Response [49] is three paragraphs long and asserts that (1) it is undisputed that L.V. White "fell straight back" and (2) the fact that L.V. fell straight back is circumstantial evidence that a dangerous condition caused his fall. [49] at p. 1.[1] On the contrary, "[p]roof merely of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor." *Byram Café Group, LLC v. Tucker*, 344 S. 3d 844, 848 (Miss. 2022) (citing *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). To survive summary judgment, White must point to evidence to create a

---

[1] In her Response [49], White additionally contends that the Court should disregard Pegues' testimony regarding L.V. appearing to have "a seizure or some type of medical event." [49] at p. 2. White asserts that Pegues has not been identified as a medical expert and this testimony is inadmissible. The Court notes that it has only considered whether the parties put forth evidence relevant to the existence of a dangerous condition. The Court has *not* considered evidence that may be relevant to any other alleged cause of L.V.'s fall. In other words, the Court has not considered the testimony with which White takes issue.

genuine issue of material fact as to the presence of a dangerous condition—an essential element to her premises liability claim. *Id*. The only evidence before the Court indicates that there was no dangerous condition present at the time in question. Summary judgment is appropriate as to each of White's claims.

*Conclusion*

For the reasons set forth above, Home Depot's Motion for Summary Judgment [44] is GRANTED. White's claims are dismissed *with prejudice*. A Final Judgment will issue this day. This CASE is CLOSED.

SO ORDERED, this the 16th day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE